UNITED STATED DISTRICT COURT
DISTRICT OF CONNECTICUT
--------------------------------------------------x

ALFRED L'EPLATTENIER and
GILLIAN L'EPLATTENIER,

Case No.: 3:16-CV-00001-AVC

Plaintiffs,

**FIRST REQUEST
FOR PRODUCTION
OF DOCUMENTS**

-against-

SYLVESTER YOUNGER, YADIRA MUNIZ,
KYLE J. PETERSON and JAMES E.
PETERSON,
        Defendants.

--------------------------------------------------x

## OBJECTIONS TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Intervening Plaintiff, **Parsons Corporation ("Parsons")**, by and through its attorneys, and pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of the Court, objects to Plaintiffs' Request for Documents as follows:

### 1. INSURANCE COVERAGE

Parsons objects to a request for a copy of the automobile insurance policy that insured the motor vehicle Plaintiff Alfred L'Eplattenier was operating on January 15, 2014 and a copy of each and every primary, contributing, umbrella and excess insurance agreement etc.

Parsons has intervened in this matter for purposes of protecting its right to recover money paid to the plaintiff under the terms of the Connecticut Workers' Compensation Act, C.G.S. § 31-293. See Docket #12 (First Motion to Intervene by the Parsons Corporation).

To date, Plaintiff has not brought any claim against Parsons for uninsured motorist benefits via an Amended Complaint.

Under Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action....the parties' relative access to relevant information, the parties' resources, the

1

> importance of the discovering in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Parsons Objects to a Request requiring it compile and collect insurance and excess, umbrella policies and other information on the grounds that it is irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Further, to the extent that such Parsons has the requested policies, a request for them may be irrelevant to the extent that the policies do not cover injuries or medical care for employees.

## 2. COLLATERAL SOURCE

Parsons objects to a request for all collateral sources as this information is irrelevant, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Under Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action….the parties' relative access to relevant information, the parties' resources, the importance of the discovering in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Parsons has intervened in this matter for purposes of protecting its right to recover money paid to the plaintiff under the terms of the Connecticut Workers' Compensation Act, C.G.S. § 31-293. See Docket #12 (First Motion to Intervene by the Parsons Corporation). Under Connecticut Workers' Compensation Act, Plaintiff received statutorily prescribed indemnity benefits and payment for medical bills for his work-related injuries. Information regarding Plaintiff's health insurance, pension benefits, and bonus information is not relevant

Here, Plaintiff should have access to information regarding his own health insurance, pension benefit information, and bonus information. Because Plaintiff would have greater relative access to this information, Parsons should not have to undergo the burden of collecting information or documents responsive to this Request.

## 3. PHOTOGRAPHS

Parsons Objects this Request on the grounds that it is vague and unclear. Parsons is unsure precisely which photograph(s) to which this Request refers.

2

THE PARSONS CORPORATION

By: /s/ Nicole Paquette

Craig T. Abbott (ct29366)
Nicole M. Paquette (ct29175)
Mullen & McGourty, P.C.
2 Waterside Crossing, Suite 102A
Windsor, CT 06095
Tel. No. (860) 683-9900
Fax No. (860) 683-9905

## CERTIFICATION

This is to certify that on October 25, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Marisa F. Schafer
Schafer & Schafer, LLP
98 East Avenue
Norwalk, CT  06851

Christopher A. Marothy
860 Grand Concourse, Suite 1N
Bronx, NY 10451

Miles Pollack
30 Westcott Road
Hamden, CT 06517

By: _____
Nicole M. Paquette (ct29175)
Mullen & McGourty, P.C.
2 Waterside Crossing, Suite 102A
Windsor, Connecticut 06095
Tel. No. (860) 683-9900
Fax No. (860) 683-9905